IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

**Bernard Byais**                                                                                              **Plaintiff**

v.                              **CASE NO. 3:14CV00041 JTK**

Carolyn W. Colvin, Acting Commissioner,
**Social Security Administration**                                                            **Defendant**

## ORDER AFFIRMING THE COMMISSIONER

Bernard Byais seeks judicial review of the denial of his application for supplemental security income (SSI). This is Byais's second application for SSI. He was previously denied in 2010.[1] Byais applied for SSI on April 27, 2011, with an alleged onset date of June 1, 2000.[2] SSI benefits, however, cannot be received prior to the application date.[3] Therefore, the alleged onset date is April 27, 2011. Byais last worked in 2001 as a factory worker.[4] He bases disability on memory loss, gout, diabetes and high blood pressure.[5]

**The Commissioner's decision.** The Commissioner's ALJ determined that Byais has not engaged in substantial gainful activity since the application date.[6] Byais has severe impairments - learning disorder, not otherwise specified; arthritis of the knees; gout; diabetes mellitus, hypertension; status-post right wrist injury and obesity.[7] None of Byais's severe impairments

---

[1] SSA record at p. 162.

[2] *Id.* at p. 161.

[3] *Cruse v. Bowen*, 867 F.2d 1183, 1185 (8th Cir. 1989); 20 C.F.R. § 416.335.

[4] SSA record at p. 153.

[5] *Id.* at p. 147.

[6] *Id.* at p. 21.

[7] *Id.*

meet the Listings, and Byais can perform light work, but is limited to unskilled entry-level employment due to his marginal literacy.[8] The ALJ held that Byais cannot perform any past relevant work,[9] but can perform the positions of toy assembler, bottle line attendant and inspector tester and sorter, positions identified by the vocational expert (VE) as available in the state and national economies.[10] Byais's application was denied.[11]

After the Commissioner's Appeals Council denied a request for review, the ALJ's decision became a final decision for judicial review.[12] Byais filed this case to challenge the decision. In reviewing the decision, the Court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[13]

**Byais's allegations.** Byais maintains that the ALJ's denial of disability benefits should be reversed because the ALJ erred in the credibility determination. This argument is not

---

[8]*Id.* at pp. 21 & 24.

[9]*Id.* at p. 28.

[10]*Id.* at p. 29.

[11]*Id.*

[12]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the appeal procedure permits claimants to appeal only final decisions).

[13]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny any applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

persuasive. No error occurred, and the ALJ"s decision to deny benefits is supported by substantial evidence.

Substantial evidence is "less than a preponderance but . . . enough that a reasonable mind would find it adequate to support the conclusion."[14] For substantial evidence to exist in this case, a reasonable mind must accept the evidence as adequate to support the determination that Byais is not disabled.[15]

**Credibility.** Byais alleges that the ALJ's credibility determination is flawed because (1) the *Polaski*[16] factors were not considered and (2) the ALJ erred in concluding that Byais's gout is controlled with medication. The ALJ held that Byais's allegations of disabling pain and symptoms were not credible to the extent that they were inconsistent with the RFC. This determination is supported by substantial evidence and no error occurred.

An ALJ must evaluate the claimant's credibility because subjective complaints play a role in determining the claimant's ability to work.[17] To evaluate credibility, an ALJ must consider the *Polaski* factors.[18] "[A]n ALJ need not explicitly discuss each *Polaski* factor. It is sufficient if he acknowledges and considers those factors before discounting a claimant's

---

[14]*Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010) (internal quotations and citations omitted).

[15]*See Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990).

[16]*Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984).

[17]*Ellis v. Barnhart*, 392 F.3d 988, 995-96 (8th Cir. 2005).

[18]*Polaski*, 739 F.2d at 1322; Soc. Sec. Ruling 96-7p, *Policy Interpretation Ruling Titles II & XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*.

subjective complaints."[19] Although the ALJ did not specifically list the *Polaski* factors, it is evident from the decision that they were considered. Throughout the decision, the ALJ discussed Byais's daily activities, reported pain, medications prescribed, functional restrictions, and factors that Byais maintains aggravate his pain.[20] The lack of specific reference to *Polaski* does not require reversal or remand. The Eighth Circuit has long recognized that "[a]n arguable deficiency in opinion-writing technique is not a sufficient reason for setting aside an administrative finding where, as here, the deficiency probably had no practical effect on the outcome of the case."[21]

As to the control of Byais's gout with medication, the ALJ did not absolutely state that the impairment is controlled with medication. He stated that "treatment has been generally successful in controlling [Byais's] symptoms of gout."[22] The record supports this observation. Byais indicated in June 2009 that he had been receiving treatment for gout over the previous year.[23] In subsequent treatment notes, Byais indicated improvement in his symptoms.[24] A number of treatment notes observe only mild to moderate symptoms.[25] Other notes identify no obvious

---

[19]*Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005) (internal quotations and citations omitted).

[20]SSA record at pp. 23-28.

[21]*Benskin v. Bowen*, 830 F.2d 878, 883 (8th Cir. 1987).

[22]SSA record at p. 27.

[23]*Id.* at p. 215.

[24]*Id.* at pp. 205 & 328.

[25]*Id.* at pp. 225, 228, 232 & 335.

discomfort or only mild obvious discomfort.[26] In 2012, Byais indicated that he stopped taking his medication, and his symptoms worsened.[27] Further, when medication compliant, Byais continued to refill the same medication for his gout.[28] This indicates that it was providing relief. Substantial evidence supports the ALJ's determination that treatment has been "generally successful" in the control of Byais's gout symptoms.

Additionally, to the extent Byais argues that the credibility determination as a whole is not supported by substantial evidence, the Court is not persuaded. Substantial evidence supports the ALJ's credibility determination - even absent the ALJ's finding that the gout symptoms are generally controlled with treatment. As the ALJ noted, Byais has not consistently sought treatment for his allegedly disabling symptoms.[29] Following an appointment in April 2011, Byais did not seek medical treatment for over six months.[30] Byais also did not always follow the advice of his physicians.[31] Byais reported on a couple of occasions that he was not taking the prescribed

---

[26]*Id.* at pp. 225, 228 & 232.

[27]*Id.* at p. 333.

[28]*Id.* at pp. 309-310.

[29]*Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003) ("An ALJ may discount a claimant's subjective complaints of pain based on the claimant's failure to pursue regular medical treatment."); *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997) (failing to seek medical assistance for alleged physical and mental impairments contradicted claimant's allegations of disabling conditions and supported unfavorable decision); *Ostronski v. Chater*, 94 F.3d 413, 419 (8th Cir. 1996) (complaints of disabling pain and functional limitations are inconsistent with the failure to take prescription pain medication or to seek regular medical treatment for symptoms).

[30]SSA record at p. 264.

[31]*Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005) ("A failure to follow a recommended course of treatment . . . weighs against a claimant's credibility.").

medication for his gout.[32] Although diet restrictions associated with gout and the causes of gout were discussed with Byais, he continued to eat red meat and drink beer.[33, 34] A March 2012 treatment note indicated that Byais would schedule an orthopaedics evaluation.[35] There is no indication, however, that he ever pursued such an appointment. The medical records also do not support Byais's allegation that his pain limits his ability to walk. The majority of treatment records do not address any limitation in Byais's ability to walk. In 2010, a physician observed that Byais was "walking fairly well."[36] During a 2011 physical examination it was observed that Byais had a normal gait, could stand/walk without an assistive device and could walk on his heels and toes.[37] Assessments conducted by state physicians provide additional support for the ALJ's credibility determination. In 2011, following the general physical examination, a state physician noted no physical limitations.[38] A second state physician subsequently determined that Byais is capable of light work.[39]

---

[32]SSA record at pp. 264 & 333.

[33]*Id.* at pp. 228, 256, 328, 334 & 339.

[34]It is not clear what specifically was discussed during the conversations concerning diet restrictions and the causes of gout. It is, however, known that red meat and alcohol contribute to symptoms of gout. Rebecca Frey, Teresa G. Odie & Laura Jean Cataldo, 3 *The Gale Encyclopedia of Med.* 1919-1921 (4th ed.).

[35]SSA record at p. 328.

[36]*Id.* at p. 256.

[37]*Id.* at p. 274.

[38]*Id.* at p. 275.

[39]*Id.* at p. 285.

A reasonable mind would accept the evidence as adequate to support the ALJ's credibility determination. The determination is supported by substantial evidence and no error occurred.

**Conclusion.** Substantial evidence supports the ALJ's decision. No legal error occurred. For these reasons, the court DENIES Byais's request for relief (docket entry # 2) and AFFIRMS the Commissioner's decision.

It is so ordered this 7th day of April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE